UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLUMUYIWA A. ADELEKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CV-1720-G |
| COMCAST CABLE COMMUNICATION, | ) | |
| | ) | **ECF** |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the plaintiff Olumuyiwa A. Adeleke ("Adeleke" or "the plaintiff") for leave to supplement his complaint. Also before the court is the motion of the defendant Comcast Cable Communication ("Comcast" or "the defendant") to strike the plaintiff's supplemental pleadings. For the reasons discussed below, both motions are granted.

I. BACKGROUND

The plaintiff filed his original complaint in this case on August 25, 2005. *See* Complaint. On October 13, 2005, the court issued a scheduling order requiring that

all motions requesting joinder of parties or amendments to pleadings be filed by December 12, 2005. Order, filed October 13, 2005, ¶ 2(a).

On December 12, 2005, the plaintiff moved for leave to file a supplemental pleading. Motion for Leave to File Supplemental Pleading. The court granted the plaintiff's motion on December 13, 2005. Order, filed December 13, 2005. On that same day, the plaintiff filed a document entitled "Plaintiff[']s Supplemental Pleadin[g]s." *See* Plaintiff's Supplemental Pleadings. The plaintiff stated in this document that his purpose in filing it was to "provide a more definite version of facts and evidences in support of my allegations and contentions in this case." *Id.* at 1. The document does this by providing a more detailed description of the events giving rise to his original complaint. See *id.* After the plaintiff filed this "supplemental pleading," the defendant moved to strike the document on the ground that the document amended, rather than supplemented, the plaintiff's original complaint. Defendant's Motion to Strike Plaintiff's Supplemental Pleadings, filed December 30, 2005.

On December 28, 2005, the plaintiff moved again, pursuant to Federal Rule of Civil Procedure 15(d), for leave to supplement his complaint with a charge of discrimination that he filed on December 27, 2005 with the Texas Workforce Commission - Civil Rights Division. Plaintiff's Motion for Leave to Supplement [His] EEOC Charge, filed December 28, 2005.

## II. ANALYSIS

### A. Amended and Supplemental Pleadings - The Legal Standard

Amended and supplemental pleadings differ in two respects. 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1504 (3d. ed. 2004). Amended pleadings relate to matters that occurred prior to filing of the original pleading and entirely replace the earlier pleading. *Id.* On the other hand, supplemental pleadings deal with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings. *Id.*; see also *Burns v. Exxon Corporation*, 158 F.3d 336, 343 (5th Cir. 1998) (supplemental pleadings are limited to events occurring since the date of the pleading to be supplemented). Federal Rule of Civil Procedure 15(d) authorizes, with permission of the court, the filing of supplemental pleadings. Rule 15(d) provides that a party may "serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." An application for leave to file a supplemental pleading should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action. 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1504 (3d. ed. 2004).

B. Comcast's Motion to Strike

On December 13, 2005, the court granted the plaintiff leave to supplement his complaint. See Order, filed December 13, 2005. The plaintiff subsequently filed a document entitled "Plaintiff[']s Supplemental Pleadin[g]s" that provided a more detailed description of the events giving rise to his original complaint. The document does not, however, set forth any transactions, occurrences, or events that have occurred since the plaintiff filed his original complaint. In other words, as argued by the defendant in its motion to strike, the plaintiff has attempted to *amend* his original complaint rather than *supplement* it. Because the plaintiff was granted leave only to supplement, not amend, his original complaint, the court will grant the defendant's motion to strike the plaintiff's supplemental pleading filed December 13, 2005.[*]

---

[*] The court, in its scheduling order and pursuant to Federal Rule of Civil Procedure 16(b)(1), set a December 12, 2005, deadline to file motions for leave to amend pleadings and join additional parties. Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired. *S & W Enterprises, L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535-36 (5th Cir. 2003); see also *Dallas Area Rapid Transit v. Foster*, No. 3-00-CV-1080-BD, 2002 WL 31433295 at *1 (N.D. Tex. Oct. 28, 2002); *Howell v. Standard Motor Products, Inc.*, No. 4:99 -CV-0987-E, 2001 WL 196969 at *1 (N.D. Tex. Feb. 26, 2001). Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The good cause standard requires a showing that, despite his diligence, the movant could not reasonably have met the scheduling order deadline. *S & W Enterprises*, 315 F.3d at 535; *Foster*, 2002 WL 31433295 at *1; *Howell*, 2001 WL 196969 at *1. In determining whether the movant has met this burden, the court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure any such prejudice. *S & W Enterprises*, 315 F.3d at 536 (citing *Reliance Insurance Company v.*

(continued...)

C. Adeleke's Motion for Leave to Supplement

On December 28, 2005, the plaintiff also moved, pursuant to Federal Rule of Civil Procedure 15(d), for leave to supplement his complaint with an EEOC charge that was filed with the Texas Workforce Commission's Civil Rights Division on December 27, 2005. Plaintiff's Motion for Leave to Supplement [His] EEOC Charge. This EEOC charge sets forth a "transaction or occurrences or events which have happened since the date of the pleading sought to be supplemented." Accordingly, this court will grant the plaintiff's motion to supplement his complaint.

III. CONCLUSION

For the reasons discussed above, the defendant's motion to strike the plaintiff's supplemental pleadings is **GRANTED**, and the plaintiff's motion for leave to supplement his complaint with a recently-filed EEOC charge is also **GRANTED**.

It is therefore **ORDERED** that plaintiff's supplemental pleadings, filed on December 13, 2005, are **STRICKEN**.

It is further **ORDERED** that the plaintiff is **GRANTED** leave to supplement his original complaint with the EEOC charge attached to his motion for leave to supplement, filed December 28, 2005, no later than **January 30, 2006**.

---

[*](...continued)
*Louisiana Land & Exploration Company*, 110 F.3d 253, 257 (5th Cir. 1997)). Absent a demonstration of good cause, the more liberal standard of Rule 15(a) will not apply to the court's decision to grant or deny leave to amend. *S & W Enterprises*, 315 F.3d at 536; see also *Foster*, 2002 WL 31433295 at *1; *Howell*, 2001 WL 196969 at *1.

**SO ORDERED**.

January 23, 2006.

A. JOE FISH
CHIEF JUDGE